UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL LEWIS | CIVIL ACTION |
| VERSUS | |
| AUTO CLUB FAMILY INSURANCE COMPANY | NO. 11-169-D-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 6, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

PAUL LEWIS                                                                              CIVIL ACTION

VERSUS

AUTO CLUB FAMILY INSURANCE                                       NO. 11-169-D-M2
COMPANY D/B/A AAA INSURANCE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Remand (R. Doc. 3) filed by plaintiff, Paul Lewis ("Lewis"). Defendants, Automobile Club Inter-Insurance Exchange ("ACIIE") and Auto Club Family Insurance Company ("ACFIC")(collectively "AAA Insurance"), have filed both an opposition and a supplemental memorandum in opposition (R. Docs. 5 and 8) to Lewis' motion.

## FACTS & PROCEDURAL BACKGROUND

Lewis, individually and on behalf of all others similarly situated, filed a "Class Action Petition Declaratory Judgment, Injunctive Relief and for Incidental Damages" in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on December 16, 2010. ACFIC was the only named defendant in the original petition; Lewis amended the petition on February 18, 2011, to also name ACIIE as a defendant. In the original petition, Lewis alleges that he was involved in two automobile accidents, occurring on September 12, 2009 and November 27, 2009. He contends that, as a result of those accidents, he incurred medical expenses in the amounts of $1,793.00 and $3,905.00 respectively, for which he made demands for reimbursement under his AAA Insurance policy medical payments coverage. AAA Insurance rejected his two demands for reimbursement of medical expenses under an

1

exclusionary provision in his policy, which provided that "Excess Medical Payments Coverage" under his policy could be denied where similar payments are paid or payable through an insured's "other insurance" policies (*i.e.*, health insurance, group accident, disability or hospitalization plans, worker's compensation plans, etc.). Specifically, AAA Insurance denied Lewis' claims for reimbursement on the basis that his medical expenses could have been paid by Lewis' health insurance company. Lewis alleges AAA insurance made that determination without ever examining his health insurance policy. Because of AAA Insurance's denial of payment, Lewis had to pay for his medical expenses out of pocket, which included payments for co-pays and ultimately payment from proceeds secured from each respective tortfeasor.

Lewis further alleges that AAA Insurance has issued the same or similar policy of automobile insurance coverage that it issued to him to numerous other insureds residing in the State of Louisiana, that such other policies contain the same or similar "Excess Medical Payments Coverage" and the subject "other insurance" exclusionary provision, and that AAA Insurance has also denied those other insureds reimbursement for medical payments on the basis that other insurance is available to pay their claims. He therefore filed this suit against AAA Insurance as a "class action," alleging a systematic denial of claims for medical payments coverage whenever insureds appear to have health insurance or any other form of insurance that might otherwise pay for the insureds' medical expenses arising from an automobile accident. According to Paragraph 42 of the amended petition, Lewis seeks to recover individually and on behalf of two classes that he wishes to certify as follows:

> **Class No. 1:** All Louisiana residents who are insureds of ACIIE and ACFIC and who submitted insurance claims for reimbursement of medical expenses under the terms of insurance for "Excess Medical Payments Coverage" but were denied such claims under the terms of AAA Insurance's exclusion of liability due to said medical expenses being paid or payable under any

2

other contractual provision of insurance and who personally paid said medical expenses out of pocket, whether made as co-payments and with or without proceeds secured from a tortfeasor.

**Class No. 2:** All Louisiana residents who are insureds of ACIIE and ACFIC and who submitted insurance claims for reimbursement of medical expenses under the terms of insurance for "Excess Medical Payments Coverage" but were denied such claims under the terms of AAA Insurance's exclusion of liability due to said medical expenses being paid or payable under any other contractual provision of insurance, and without a substantive review of the other contractual provision of insurance at issue.

*See*, Paragraph 42 of the amended petition, R. Doc. 1-2.

In the amended petition, Lewis seeks the following forms of relief: (1) a declaratory judgment finding as a matter of law that AAA Insurance's "other insurance" policy exclusion for claims of reimbursement submitted under its "Excess Medical Payments Coverage" benefit found within its automobile accident policies issued through Louisiana violates La. R.S. 22:994, and consequently, is void as a matter of law;[1] (2) injunctive relief preventing AAA Insurance from denying medical payments benefits by reason of the aforesaid exclusionary "excess" language and processing all prior and future claims of medical payments benefits previously denied under the subject exclusionary policy language; (3) incidental monetary relief in the form of reimbursement of all medical bills submitted to AAA Insurance under the terms of the medical payments benefit, but that were otherwise improperly excluded under the

---

[1] With respect to his claim on his own behalf, Lewis contends that the "Excess Medical Payments Coverage" of his AAA Insurance policy was only secondary where medical expenses were paid or payable under his health insurance coverage. However, his health insurance policy provided that his health insurance "will always be secondary to medical payment coverage or personal injury protection coverage under any auto liability or no-fault insurance policy." Lewis therefore contends that AAA Insurance's "other insurance" exclusionary provision is "mutually repugnant" with his health insurance coverage and, pursuant to Louisiana law, is void and ineffective as a matter of law. He further claims that AAA Insurance's "other insurance" exclusionary provision is inapplicable where the medical expenses at issue were not paid by any one of the "other insurances" identified in the policy. *See*, Lewis' Memorandum in Support of Motion for Remand, R. Doc. 3-1.

terms of the excess coverage exclusionary language;[2] and (4) statutory damages individually and on behalf of all others similarly situated pursuant to La. R.S. 22:1892.

AAA Insurance removed Lewis' suit to this Court on March 21, 2011, pursuant to 28 U.S.C. §1332(d) and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332, 1453, 1711-15 (2005), on the basis that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one (1) member of the class of plaintiffs is a citizen of a different state from at least one defendant.[3] With its Notice of Removal, AAA Insurance submitted several affidavits in support of its contention that the amount in controversy exceeds the CAFA jurisdictional minimum.

On April 18, 2011, Lewis filed the present motion, seeking remand of this suit to state court on the basis that the affidavits submitted by AAA Insurance fail to satisfy its burden of proving that the amount in controversy herein exceeds the $5,000,000 threshold under CAFA. Specifically, Lewis contends that, in its Notice of Removal, AAA Insurance failed to follow the proper jurisprudential guidelines in calculating the amount in controversy in that it: (1) performed mathematical calculations intentionally designed to arbitrarily increase the amount in controversy; and (2) further aggregated internal administrative costs for the requested injunctive relief not otherwise permitted under Fifth Circuit jurisprudence.

---

[2] Lewis specifically alleges that his individual claims do not exceed $75,000 and that there is no adequate evidence to suggest that the entire class members' claims exceed the sum of $5,000,000.

[3] Lewis alleges himself and all members of the putative class to be citizens of the State of Louisiana. According to the Notice of Removal, ACFIC and ACIIE are organized under Missouri law with their principal place of business in St. Louis, Missouri.

**LAW & ANALYSIS**

Through CAFA, Congress opened federal court doors to state law-based class actions as long as there is: (1) minimal diversity, (2) at least 100 class members, and (3) at least $5,000,000 in controversy. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010). The removing party bears the burden of establishing that jurisdiction under CAFA exists. *Rasberry v. Capitol County Mut. Fire. Ins. Co.*, 609 F.Supp.2d 594, 599 (E.D.Tex. 2009).[4] The language of CAFA "favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved in favor of exercising jurisdiction over the case." *Sherman v. Mantle Oil & Gas, LLC*, 2011 WL 130240, quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).[5] Only the third of the above elements is in dispute in the present matter, and the precise issue relates to the manner in which the amount

---

[4] Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the federal jurisdictional minimum. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed the jurisdictional minimum. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Under any manner of proof, jurisdictional facts that support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiff to his/her pleadings; or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

[5] Congress carved out an exception to the otherwise broad grant of jurisdiction over class actions filed in state court for actions relating to a "local controversy," and plaintiffs arguing for remand have the burden of establishing the applicability of the local controversy exception. *Sherman*, at *2. Lewis has made no effort to establish the applicability of such exception in the present matter.

5

in controversy should be calculated. In the affidavits attached to the Notice of Removal, representatives of AAA Insurance based their amount in controversy calculation upon the remaining amount of policy limits for those policies where med pay claims were submitted but were excluded under the terms of the excess coverage exclusionary language. Lewis contends that the amount in controversy should instead be calculated based upon the denied portion of actual med pay claims submitted, *i.e.*, the total amount of medical bills derived from a single accident that were not reimbursed by AAA Insurance, instead of the policy limits.

CAFA provides express guidance for determining the amount in controversy. Claims of individual class members are to be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. §1332(d)(6); *Frazier v. Pioneer Americas LLC*, 455 F.3d 542 (5th Cir. 2006). The amount in controversy may be established "either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief). *Raspberry,* at 600-01*.* Additionally, when determining the amount in controversy in declaratory relief cases, courts are to consider "the value of all relief and benefits that could logically flow from the granting of the declaratory relief sought by the claimants." *Id.*, at 601.

It has also been recognized that, in declaratory judgment cases involving insurance, such as the present matter, the policy limits are the basis of the amount in controversy calculation when the *validity* of the insurance contract is in question. *Id.* By contrast, when a declaratory judgment action involves the *applicability* of an insurance policy to a particular occurrence, the amount in controversy is to be calculated based upon the value of the underlying claim, rather than the face amount of the policy. *Id.*

6

The undersigned agrees with Lewis that the present suit involves an injunctive and declaratory judgment action relating to the *applicability* of AAA Insurance's policy to med pay claims submitted in connection with particular automobile accidents.[6] Accordingly, the amount in controversy in this matter is to be measured based upon the actual monetary value of the med pay claims that were submitted and denied based upon the excess coverage exclusionary provision, rather than by totaling the remaining policy limits for the policies applicable to those claims.[7] Thus, the calculation of the potential amount of damages the putative class members could receive that is set forth in AAA Insurance's Notice of Removal and in its opposition to the present motion has an improper basis (policy limits) and therefore does not satisfy defendants' burden of proving the existence of CAFA jurisdiction.[8] [9]

---

[6] In this case, each of the putative class members allegedly submitted "objective and definitive medical bills that total a readily determinable actual med pay claim amount" derived from particular automobile accidents; thus, the remaining policy limits under the putative class members' policies are only at issue in the event the total amount of their medical bills reach the policy limits. *See*, Lewis' supporting memorandum, R. Doc. 3-1, p. 7.

[7] *See, Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910-11 (5th Cir. 2002)(noting that the amount in controversy should be calculated as "the value of the right to be protected or the extent of the injury to be prevented." The Fifth Circuit considered the amount in controversy when the plaintiff sought a declaratory judgment on a particular claim under an insurance contract. Reasoning that the entire policy was not in question, the court concluded that the amount in controversy should be valued as the amount of the claim in dispute, as opposed to the policy limit. The court noted that, if the case had involved a declaratory action as to the validity of the entire contract between the parties, then the policy limits would control); *Guarino v. State Farm and Casualty Co.*, 2008 WL 2228889 (E.D.La. 2008)(holding that it was not facially apparent from the plaintiffs' petition that the jurisdictional minimum was satisfied, where State Farm only referred to the maximum possible recovery the plaintiffs could have under their policy limits, as opposed to presenting evidence regarding the value of the plaintiffs' actual claim).

[8] As Lewis explains in his remand motion, the correct formula for the amount of damages at issue is the "the total actual claim amounts - the total paid amounts," rather than the "total policy limits - the total paid amounts." *See*, R. Doc. 3-1, p. 4. The fact that AAA Insurance failed to use the correct formula in calculating potential damages in this suit, however, does not automatically mean that the case should be remanded. While Lewis argues that "[i]t is incumbent upon the removing party to carry its burden of proof in establishing subject matter jurisdiction *at the time of removal*," that statement of law is incorrect. *See*, Lewis' supporting memorandum, R. Doc. 3-1, p. 8. A removing defendant can carry its burden of proving the existence of federal jurisdiction post-removal, as long as that proof is based upon facts as they existed at the time of removal. *See, Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995)(noting that *Dow* authorized consideration of information submitted after removal only in connection with an examination of the jurisdictional facts as they existed at the time of removal); *Ditcharo v. United Parcel Service*, 2010 WL 1752159 (5th Cir. 2010)(Removing defendant may satisfy the burden of proving the

Nevertheless, the undersigned finds that, irrespective of that improper damage calculation by AAA Insurance, the jurisdictional minimum is satisfied in this case based upon the potential statutory penalties that the putative class members could receive should a judgment be rendered in their favor.[10] Relative to penalties, AAA Insurance correctly explains in its opposition that, although Lewis only specifically requested, in his petition, penalties under La. R.S. 22:1892 (formerly La. R.S. 22:658),[11] he and the other putative class members are not precluded from instead being awarded statutory penalties under La. R.S. 22:1973 (formerly La. R.S. 22:1220) since they have specifically alleged that the conduct of AAA

---

jurisdictional minimum is in controversy by setting forth facts that existed at the time of removal either in the removal petition or by subsequent affidavit). Thus, AAA Insurance is allowed to recalculate the amount of damages at issue in this litigation post-removal as long as such calculation is based upon factual information that existed at the time of removal relative to actual claims submitted but denied based upon the excess exclusionary provision at issue.

[9] In its opposition to the present motion, AAA Insurance also relies upon the amount of Lewis' claim to calculate the aggregate amount in controversy, arguing that the class representative's claim represents the average claim of the class he seeks to certify. AAA Insurance argues that, when the $5,698 that Lewis is personally seeking in his claim is multiplied by the 1,665 putative class members, the CAFA jurisdictional threshold is well surpassed ($5,698 x 1,665 = $9,487,170). However, it has been held that such a calculation of the amount in controversy based upon the class representative's claim, as an average, lacks the requisite detail and is too speculative to satisfy the defendant's burden of establishing the $5,000,000 jurisdictional requirement. *Nowak v. Innovative Aftermarket Systems, L.P.*, 2007 WL 2454118, *5 (E.D. Mo. 2007("Defendant IAS erroneously relies on the class representatives' average claim amount to calculate the other class members' actual damage amount. Defendant IAS's calculation is based on conjecture and cannot satisfy the preponderance of the evidence standard . . . Thus, because Defendant IAS's first calculation offers no evidence indicating the actual number of persons that are potential class members, nor the exact damage amount for each of those persons, the Court finds that Defendant IAS's calculation is based on mere speculation and does not prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement").

[10] It is undisputed among the parties that, because Louisiana law allows recovery for penalties and attorney's fees when an insurer has been arbitrary and capricious in denying a claim, the Court can consider claims for those items when assessing the amount in controversy. *See, Brown v. Republic Fire and Cas. Ins. Co.*, 2007 WL 1218026 (E.D.La. 2007); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)(considering penalties, statutory damages, and punitive damages in ascertaining the amount in controversy).

[11] *See*, Paragraph 35 of the amended petition, R. Doc. 1-2 (seeking "statutory damages individually and on behalf of all others similarly situated pursuant to La. R.S. 22:1892").

Insurance in denying the med pay claims in question was arbitrary and capricious.[12][13] Both federal and Louisiana law provide that a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. *See,* Fed. R. Civ. P. 54(c); La. C.C.P. art. 862.[14] Thus, even though Lewis did not specifically request relief under La. R.S. 22:1973, he and the putative class members are not prevented from receiving same should evidence demonstrate the required elements of proof under that statute.[15]

---

[12] *See,* Paragraph 37 of the amended petition, R. Doc. 1-2 (wherein Lewis alleges that AAA Insurance's failure to pay the claims for reimbursement of medical expenses where the basis for said denial was premised upon the "other insurance" exclusionary provision that is the subject of this suit is "arbitrary, capricious and without probable cause as a matter of law" where AAA failed to properly examine the "other insurance" policy that is the subject of the denial); Paragraph 38 of the amended petition (wherein Lewis contends that AAA Insurance owes a duty to its insureds to ensure that the insurance policy provisions that are the subject of this lawsuit conform to Louisiana law, and accordingly, that its denials of claims were "arbitrary, capricious, and without probable cause where such insurance policy provisions are found void as a matter of law for violations of statutory provisions").

[13] Under Louisiana law, an insurer owes its policyholder a duty of good faith in settling claims. Failure to pay a claim within 30 days of being presented with satisfactory proof of loss under R.S. 22:1892 (and 60 days under R.S. 22:1973) is a breach of that duty if it is "arbitrary, capricious, or without probable cause." *Kodrin v. State Farm Fire and Casualty Co.*, 2009 WL 614521 (5th Cir. 2009), citing La. R.S. 22:1973 and La. R.S. 22:1892. Such a breach exposes the insurer to liability for damages and discretionary penalties under R.S. 22:1973 or to penalties and attorneys' fees under R.S. 22:1892. *Id.*

[14] *See also, Matter of Hannover Corp. of America*, 67 F.3d 70, 75 (5th Cir. 1995), citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2664 (1983)("If the defendant has appeared and begun defending the action, adherence to a particular legal theory suggested by the pleadings is subordinated to the court's duty to grant the relief to which the prevailing party is entitled, whether it has been demanded or not, provided the failure to demand has not prejudiced the adversary").

[15] *See, Louque v. Allstate Insurance Co.*, 314 F.3d 776, 780 (5th Cir. 2003)(The mandatory attorney fee provision of the prompt-payment provision of La.R.S. 22:1220 (now La. R.S. 22:1973) could supply the basis for satisfying the amount-in-controversy minimum allowing removal on diversity grounds of insured's putative class action against automobile insurer alleging improper refusal to settle third party's claim against insured, even though insured did not mention statute in her complaint but rather cited only to separate statute requiring insured's reasonable efforts to settle claims, La. R.S. 22:658 (now La. R.S. 22:1892)); *Granger v. Standard Fire Insurance Co.*, 2008 WL 1805769 (W.D.La. 2008)(Plaintiff's claims for penalties rested upon an assertion that the insurer was "liable unto him for penalties and interest for the non-payment of these covered losses." The Western District of Louisiana held that, although the plaintiff's state court petition did not cite a statute number under which he based his claim for penalties, the plaintiff's allegations implicated the statutory remedies under La. R.S. 22:1220 and La. R.S. 22:658; therefore, the relief provided by those statutes was to be considered in calculating the amount in controversy. Since a plaintiff cannot recover penalties under both R.S. 22:1220 and 22:658, the higher

La. R.S. 22:1973(A) provides that an insurer owes to his insured a duty of good faith and fair dealing as well as an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer that breaches those duties shall be liable for any damages sustained as a result of the breach. Under Section B of that statute, a failure to pay the amount of any claim due any insured within sixty (60) days after receipt of a satisfactory proof of loss from the claimant, when such failure is arbitrary, capricious, or without probable cause, constitutes a breach of the insurer's duties imposed by Section A. The penalty for breaches of the duty imposed by La. R.S. 22:1973 are set forth in Section C of the statute, which provides, that, "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973.

Because AAA Insurance has not supplied the Court with a proper calculation of the amount of potential general or special damages the putative class members could receive in this case, the amount of possible penalties under La. R.S. 22:1973 must be calculated using the $5,000 per plaintiff figure. *Vizzini*, at *4. According to the affidavits submitted by AAA Insurance, during the period of August 1, 1999 to February 15, 2011, there have been 1,665 reported med pay claims in Louisiana where AAA Insurance paid less than the total available

---

penalty supersedes the lower penalty in determining the amount in controversy); *Vizzini v. Amy Falcon Ins. Agency, Inc.*, 2008 WL 686890 (E.D.La. 2008)(allegations that the insurer failed to "properly handle and adjust [plaintiff's] flood claim" implicated the statutory remedies provided by La. R.S. 22:1220 and La. R.S. 22:658, and relief provided by those statutes was to be considered in calculating the amount in controversy. The court held that the highest value it could attribute to the plaintiff's claim for penalties under R.S. 22:1220 was $5,000 since neither the plaintiff nor the insurer had identified any higher, actual damages resulting from the insurer's breach).

med pay coverage limits. Any or all of those claims may have been denied, in whole or in part, because of the excess nature of AAA Insurance's med pay coverage. *See*, Affidavit of Robert J. Schreiber, R. Doc. 1-3, Paragraph 17. Of those 1,665 med pay claims where an amount less than the total available limits was paid, nothing at all was paid on 1,186 of the claims. *Id.* AAA Insurance estimates that at least 66% of the total 1,665 reported med pay claims have been denied, in whole or in part, because of the excess nature of AAA Insurance's med pay coverage. Thus, at least 1,099 med pay claims were denied due to the "excess issue" (66% of 1,665 total claims = 1,099 claims). *Id.*, Paragraphs 17-19; Affidavit of Wayne Barker, R. Doc. 1-4, Paragraph 18-20. In light of such summary judgment-type evidence, which Lewis has not refuted, it appears that at least 1,099 med pay claims are at issue in this lawsuit.

As a result, the putative class could potentially receive $5,495,000 in penalties under La. R.S. 22:1973 (1,099 claims x $5,000 in penalties per claim = $5,495,000). That figure alone satisfies the $5,000,000 minimum amount in controversy required for CAFA jurisdiction.[16] Because that amount of penalties is higher than the amount that can be calculated under La. R.S. 22:1892 at this time,[17] the $5,495,000 figure is used in determining

---

[16] Furthermore, such penalties of $5,000 per plaintiff are recoverable under La. R.S. 22:1973 even if the plaintiffs cannot prove damages arising from AAA Insurance's breach and instead can only prove that AAA Insurance failed to pay the amount of their claims within sixty days after receiving a satisfactory proof of loss when such failure was "arbitrary, capricious, or without probable cause." *See, Hammel v. State Farm Fire and Cas. Co.*, 2007 WL 519280 (E.D.La. 2007); *Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995)(holding that a plaintiff can recover the $5,000 penalty even if he or she is unable to demonstrate damages arising from the insurer's breach).

[17] La. R.S. 22:1892(B)(1) provides that an insurer's failure to make payment within thirty (30) days after receipt of satisfactory written proofs of loss and demand therefor or a failure to make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proofs of loss "shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured." La. R.S. 22:1892. As mentioned above, at present, the undersigned has not been presented with a proper calculation of the amount of damages due from the insurer to the putative

11

the amount in controversy.[18] Accordingly, the CAFA jurisdictional minimum is satisfied based solely upon potential penalties in this case, and the undersigned need not even consider the parties' respective arguments concerning the amount of possible attorney's fees or injunctive relief compliance costs that could be awarded in this suit.[19] Since Lewis has failed to demonstrate to a legal certainty that the putative class will not be able to recover $5,495,000 in penalties,[20] Lewis' motion to remand should be denied.[21]

---

class members; as such, the $1,000 per plaintiff figure would be used in determining the amount of potential penalties that could be awarded under La. R.S. 22:1892. Considering that there are at least 1,099 med pay claimants in the putative class, the amount of potential penalties under R.S. 22:1892 is $1,099,000, which is less than the potential penalty figure under R.S. 22:1973. Lewis concedes, in his supporting memorandum, that the amount of statutory penalties at issue under La. R.S. 22:1892 is no less than $1,099,000. *See*, R. Doc. 3-1, p. 9.

[18] A plaintiff may receive penalties under only one of the two statutes, La. R.S. 22:1892 or 22:1973, whichever is higher, although he may receive attorney's fees under R.S. 22:1892 even if he is awarded penalties under R.S. 22:1973. *Kodrin*, at 679, citing *Calogero v. Safeway Ins. Co. of La.*, 753 So.2d 170, 174 (La. 2000)(recovery of statutory damages under R.S. 22:1973 did not preclude recovery of attorney fees under R.S. 22:1892); *Kimble v. State Farm Fire & Cas. Co.*, 2011 WL 1637142 (W.D.La. 2011); *Potts v. Southern Fidelity Ins. Co.*, 2011 WL 289239 (E.D.La. 2011)(A plaintiff cannot recover penalties under both La. R.S. 22:1973 and La. R.S. 22:1892 for the same conduct; rather, the higher penalty supersedes the lower penalty in calculating the amount in controversy. Because R.S. 22:1973 does not provide for attorney's fees, an insured may recover the greater penalties under R.S. 22:1973 and attorney's fees under R.S. 22:1892). The amount in controversy in this matter therefore would be increased even further based upon the fact that the plaintiffs could receive attorney's fees under La. R.S. 22:1892 in addition to the potential $5,495,000 in penalties they could receive under R.S. 22:1973.

[19] In any event, the undersigned cannot, at this time, calculate a potential award of attorney's fees based upon the 1/3 to 40% contingency fee arrangement to which Lewis agreed with his counsel since AAA Insurance has not presented the Court with a proper calculation of the amount of damages the putative class members could receive (*i.e.*, 1/3 to 40% of the plaintiffs' overall gross recovery cannot be calculated if the potential underlying amount of damages is unknown). *See*, Contingency Fee Contract between Lewis and his counsel, attached to AAA Insurance's supplemental memorandum in opposition (indicating that his counsel shall receive 1/3 of the recovery if there is a settlement and 40% of the recovery in the event of a suit and in the event an appeal is filed by any party).

[20] AAA Insurance is correct that there is nothing preventing Lewis from amending the petition in this matter to specifically request penalties under La. R.S. 22:1973 and thereby exposing AAA Insurance to penalties under that statute at a later date. Lewis should not be permitted to manipulate federal jurisdiction simply by not citing La. R.S. 22:1973 as a basis for penalties in the petition. Moreover, any waiver of penalties under that statute at this point would be ineffective since La. C.C.P. art. 862 provides that a successful plaintiff shall receive the relief to which he or she is entitled, even if such relief has not been demanded. Furthermore, it is improbable that Lewis could ethically make a unilateral waiver of the rights of the putative class members to penalties under La. R.S. 22:1973 without their authorization, through a stipulation renouncing their right to receive same. As such, Lewis cannot demonstrate to a legal certainty that the amount of potential penalties in controversy in this case is less than the $5,000,000 CAFA threshold. *See, De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995)(If a removing defendant

12

## RECOMMENDATION

For the above reasons, it is recommended that the Motion for Remand (R. Doc. 3) filed by plaintiff, Paul Lewis, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, July 6, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount).

    *See also*, *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002)(holding that the facts alleged in the petition, if proven, gave rise to a claim for attorney's fees under La.R.S. 22:658 and that the defendant had carried its burden of proving the jurisdictional amount by submitting an undisputed affidavit stating (based on the number and value of claims submitted during the relevant period) that the aggregate attorney's fees for the putative class would likely exceed $75,000. The court further held that the plaintiff failed to establish to a legal certainty that the amount in controversy did not exceed the jurisdictional minimum, finding that the plaintiff's purported waiver of attorney's fees under R.S. 22:658 was ineffective since state law did not limit the plaintiff's recovery to the amount specified in the petition and since the plaintiff could not ethically unilaterally waive the rights of the putative class members to attorney's fees without their authorization. The court expressed its concern about the possibility of "abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading"); *De Aguilar*, at 1413 (holding that representative plaintiffs have no authority to limit class members' recovery); *Pendleton v. Parke-Davis*, 2000 WL 1808500, *5 (E.D.La. 2000).

    [21] An amount in controversy calculation based solely upon potential penalties recoverable by a putative class can sustain CAFA jurisdiction, even where the underlying amount of damages that the plaintiffs could receive has not been demonstrated by the removing defendant. *See, Schiller v. David's Bridal, Inc.*, 2010 WL 2793650 (E.D.Cal. 2010)(holding that the CAFA jurisdictional minimum was satisfied where the removing defendant solely set forth evidence as to the amount of potential penalties the plaintiff class could receive under the Private Attorney General Act of 2004, and none of the defendant's calculations included any damages that the plaintiff and the class were seeking, which would necessarily have further increased the amount in controversy); *Dechan v. Amerigas Partners, L.P.*, 2008 WL 4104475 (S.D.Cal. 2008)(holding that the defendant established that the CAFA amount-in-controversy requirement was satisfied based on the civil penalties under California Public Utilities Code section 2107 alone because defendant submitted evidence that there were at least 14,082 members of the putative class, and the penalty for each offense under section 2107 was $500 ($500 x 14,082 = $7,041,000). Although the plaintiffs argued that the defendant was required to produce evidence regarding the actual amount of damages/overcharges incurred by the class members, the court disagreed, noting that the issue was the amount the plaintiff "placed in controversy, not the amount the defendant will actually be held liable for." The defendant was "not required to prove plaintiff's case for him").