UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PAUL LEWIS, *individually and on behalf
of all others similarly situated*

VERSUS

AUTO CLUB FAMILY INSURANCE
COMPANY and AUTOMOBILE CLUB
INTER-INSURANCE EXCHANGE,
d/b/a AAA INSURANCE

CIVIL ACTION

NO. 11-169-JJB

**RULING ON MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are competing motions for summary judgment filed by plaintiff Paul Lewis (Doc. 18) and defendants Auto Club Family Insurance Company (ACFIC) and Automobile Club Inter-Insurance Exchange (ACIIE) (collectively, "AAA") (Doc. 19). The parties filed opposition motions (Docs. 22, 23), statements of disputed facts (Docs. 24, 25) and reply briefs (Docs. 26, 27). Oral argument is unnecessary. The Court has diversity jurisdiction over the underlying state law claims under 28 U.S.S. § 1332. The Court has jurisdiction over the putative class under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

I.

Paul Lewis, an insured of AAA, claims AAA unreasonably denied his claim for medical expenses sustained following two auto accidents in 2009. AAA provided Lewis with insurance coverage for, among other things, excess medical payment. (AAA Policy, Doc. 18-3, pp. 21-22). The first accident occurred on September 12, 2009, and the second occurred on November 27, 2009. The September accident caused medical expenses of $1,793 (Demand Letter, Doc. 18-6, p. 36), while the November accident caused medical expenses of $3,905 (Demand Letter, Doc. 18-10, p. 19). (*See also* Original Complaint, Doc. 1-2, Ex. 1, ¶¶ 9, 11; First Amended and

1

Superseding Complaint, Doc. 1-2, Ex. 2, ¶¶ 14, 16). Lewis later obtained settlement payments from the tortfeasors' insurance companies for his medical expenses. (First Amended Complaint, Doc. 1-2, Ex. 2, ¶ 19 ("*Lewis paid his medical expenses* out of pocket, which included payments for co-payments and *ultimately from proceeds secured from each respective tortfeasor*.")).

Allstate Insurance Company, the September tortfeasor's insurer, settled that claim for $5,905 on September 8, 2010. (September Settlement Documents, Doc. 18-7, pp. 22-26). After deducting one third of that amount for attorney's fees and another $100.90 in costs, the total amount applied to Lewis's medical bills or paid directly to him was $3,835.77. (Disbursement, Doc. 18-13, p. 1). General Insurance Company of America (also called Safeco Insurance Company), the November tortfeasor's insurer, settled that claim for $8,000 on September 15, 2010. (November Settlement Documents, Doc. 18-11, pp. 13-18). After deducting one third of that amount for attorney's fees and another $139.90 in costs, the total amount applied to Lewis's medical bills or paid directly to him was $5,193.43. (Disbursement, Doc. 18-14, p. 1).

Lewis's attorney made several demands upon AAA for payments in conjunction with both accidents[1] in a series of letters beginning April 6, 2010, and culminating on December 16, 2010, when this action was originally initiated in Louisiana state court. (Original Complaint, Doc. 1-2, Ex. 1; Letter from Plaintiff's Counsel to AAA Insurance dated Dec. 16, 2010, Doc. 18-8, p. 9). Most of these letters demand payment under the "med-pay" coverage of Lewis's AAA policy, which provides in pertinent part:

---

[1] A review of the relevant correspondence reveals that, apart from the claim numbers and the amount of the claimed loss, neither the letters from Lewis's counsel nor the responses from AAA contain any relevant distinctions—the letters from both parties are, in relevant part, duplicates for each separate claim. Therefore, for ease of reference, the Court will generally only refer to one letter as representing the correspondence regarding both claims from the separate accidents. (*Compare, e.g.,* AAA Response to Demand Letter dated Sept. 1, 2010, Doc. 18-7, pp. 18-19 (regarding September accident) *with* AAA Response to Demand Letter dated Sept. 1, 2010, Doc. 18-11, pp. 10-11 (regarding November accident)).

2

### PART B – EXCESS MEDICAL PAYMENT COVERAGE

**Insuring Agreement**
Subject to the Exclusions and to the Limits of Liability shown in the Declarations, if you pay a premium for Excess Medical Payments coverage, we will pay the usual and customary charge for reasonable and necessary expenses incurred for medical and funeral services because of bodily injury:

1. Caused by an accident, and
2. Sustained by a covered person.

\*\*\*

**Other Insurance**
If there is other auto medical payments insurance on a loss covered by this Part, we will pay our proportionate share as our Limit of Liability bears to the total of all applicable auto medical payments limits. Any insurance that we provide for an auto, other than your covered auto, will be excess over any other auto insurance providing payments for medical and funeral expenses.

We will not be liable under this policy for any medical expense paid or payable under the provisions of any:

1. [HMO] or [PPO];
2. individual, blanket, or group accident, disability or hospitalization plans;
3. medical, surgical, hospital or funeral services, benefit or reimbursement plans;
4. workers' compensation or disability benefits law or any similar law; or
5. any health insurance policy.

No person shall collect twice for the same medical service.

**Proof Of No Other Coverage**
This coverage or any portion thereof is not payable until due proof is provided to us of the uncovered medical expenses. We have the right to request any additional information necessary to ascertain the status of any insurance available and/or payable prior to making payment hereunder.

(AAA Policy, Doc. 18-3, pp. 21-22; *see also* AAA Response to Demand Letter dated Sept. 1, 2010, Doc. 18-7, pp. 18-19 (quoting passages from excess medical payment coverage policy)).

In addition to the demand for payment of the medical expenses, the demand letters also sought waiver of AAA's subrogation rights (Demand Letter dated Aug. 25, 2010, Doc. 18-6, p.

3

36), but AAA responded that "[a]t this time we are not in a position to agree to waive our right to subrogation…. When settlement is made for bodily injury with the underlying carrier, we can consider waiving our rights at that time." (AAA Response to Demand Letter dated Sept. 1, 2010, Doc. 18-7, p. 19). AAA did, however, issue payment to Lewis for his co-pay expenses for each incident. (AAA Letter dated Sept. 16, 2010, Doc. 18-7, p. 35 (regarding September accident); AAA Letter dated Sept. 17, 2010, Doc. 18-11, p. 19 (regarding November accident); AAA Payments for Lewis's Co-Pays, Doc. 19-6, Exs. 17-18 to Devine Affidavit, pp. 22-23)). AAA found the rest of the demand package contained insufficient documentation to prove out-of-pocket expenses had been incurred by Lewis. (*Id.*).

Lewis's counsel later demanded AAA pay $5,040, the total of his outstanding liens from both accidents, because his personal health insurance had not paid those bills. (Demand Letter dated Oct. 27, 2010, Doc. 18-7, p. 43). In response, AAA continued to demand proof of non-payment by Lewis's health insurer or another source; in particular, AAA wanted an Explanation of Benefits or a denial letter from his health insurer. (AAA Response to Demand Letter dated Oct. 29, 2010, Doc. 18-11, p. 35). After receiving more documentation, AAA agreed that Lewis's health insurer did not pay his medical expenses but noted they were paid from the proceeds of his settlement with the tortfeasors' insurers. (AAA Letter dated Dec. 16, 2010, Doc. 18-8, p. 6). Referencing the portions of the policy disclaiming liability for medical payments "paid or payable" under another policy and prohibiting double recovery, AAA found his claims had been satisfied by the proceeds of the tortfeasors' insurance settlements. (*Id.*). AAA continued to hold open the possibility that Lewis could receive payment for documented outstanding medical treatment balances that had not been paid off. (*Id.*).

II.

4

On December 16, 2010, Lewis filed suit in the 19th Judicial District Court in Baton Rouge. (Original Complaint, Doc. 1-2, Ex. 1). He later amended and supplemented his complaint on February 18, 2011. (First Amended Complaint, Doc. 1-2, Ex. 2). Seeking to represent a class of AAA insureds, he seeks a declaratory judgment that AAA's excess medical payment policy is unenforceable as a matter of law because its provisions are "mutually repugnant" with other insurance policies seeking to make their coverage secondary. (First Amended Complaint, Doc. 1-2, Ex. 2, p. 11, ¶¶ 26-27). His second claim seeks injunctive relief preventing AAA from denying payment of benefits under the policy and seeking re-adjustment of all prior claims that were denied under the policy because of the language making it secondary to other policies. (*Id.* ¶¶ 28-31). Third, he seeks incidental monetary relief for himself and all others for the amount of benefits wrongfully denied them under the excess medical payment policy. (*Id.*, ¶¶ 32-34). Finally, he seeks statutory damages under La. R.S. 22:1892 for himself and the class for all benefits wrongfully denied to class members when AAA failed to adequately investigate whether the supposedly-primary insurance policies had language similar to AAA's which sought to make them secondary insurers. Lewis thus contends those denials were arbitrary and capricious within the meaning of Louisiana law because AAA's failure to investigate the substance of the other insurer's policy language essentially rendered AAA's own denials speculative and unsupportable. (*Id.*, ¶¶ 35-38).

AAA removed the case to this Court on March 21, 2011, and Lewis acquiesced to the magistrate judge's ruling denying his motion to remand. (Magistrate Judge's Report on Motion to Remand, Doc. 10; Ruling Adopting Report, Doc. 12). The parties have decided to test the sufficiency of Lewis's case through summary judgment before filing motions regarding potential class certification.

III.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991), *cert. denied*, 507 U.S. 1051. If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

IV.

AAA contests Lewis's standing to bring suit (and thus also to serve as a representative for this putative class) because, it contends, the settlement proceeds from the tortfeasors' insurers

6

adequately covers his medical expenses, which thus deprives him of the injury necessary to invoke the jurisdiction of an Article III federal court. Lewis contends that he "did not recover all of his medical expenses in connection with [either accident] as [each] settlement constituted a negotiated amount, which was not broken down into separate and identifiable elements of damages." (Lewis' Statement of Material Facts, Doc. 25, ¶¶ 7, 9).

A.

Article III of the United States Constitution establishes as an irreducible minimum that, in order to invoke the judicial power of a federal court, there must exist a "case or controversy" between the parties. *United States v. Hays*, 515 U.S. 737, 742-43 (1995). Standing is thus a jurisdictional requirement that focuses on the party seeking the remedy, not the issue presented for adjudication. *James v. City of Dallas*, 254 F.3d 551, 562-63 (5th Cir. 2001). Standing involves three elements. First, the plaintiff must have suffered an injury in fact—that is, an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Hays*, 515 U.S. at 742-43. Second, the injury must be traceable to the defendant; in other words, there must be a causal connection between the injury suffered and the conduct complained of. *Id.* Third, the injury must likely be redressable by a favorable decision of the court, and speculation as to the availability of relief is not enough. *Id.*

The Court is frankly mystified as to how Lewis could meet the standing requirement of injury in fact. He consistently maintained in both his correspondence with AAA and in his filings with this Court that his medical expenses from the September and November accidents were $1,793[2] and $3,905[3], respectively. Even charitably reading the requirements of his AAA

---

[2] (Demand Letter, Doc. 18-6, p. 36; Original Complaint, Doc. 1-2, Ex. 1, ¶ 9; First Amended and Superseding Complaint, Doc. 1-2, Ex. 2, ¶ 14; Interrogatory Response Nos. 3-4, Doc. 19-7, p.2 (alleging an additional $438.23 in lost wages that Allstate also included in the settlement amount)).

policy to require payment of lost wages, those totals would only increase to $2,231.23 and $4,478.43, respectively.

The disbursement payment from Lewis's counsel to Lewis for the September accident shows intake of the $5,905.00 settlement check from Allstate, but subtracts the one-third fee for counsel. That leaves $3,936.67 in gross payment to the client. Subtracting further the $100.90 in costs advanced by counsel for pursuing the matter, Lewis received $3,835.77 in net settlement money for his medical expenses, of which $1,486.00 was forwarded directly to his physical therapist. Lewis himself received $2,349.77. (Disbursement for September Accident, Doc. 18-13, p. 1). Lewis thus received more than the value of his medical expenses and his lost wages combined, *even after* a substantial portion of his outstanding medical bills were paid out from the settlement money.

The disbursement payment for the settlement of the November accident tells the same story. The $8,000 settlement check from Safeco, minus the one-third attorney's fee, yields $5,333.33 gross payment to Lewis. After subtracting $139.90 in advanced costs and another $1,470.00 in payments to his physical therapist, Lewis still received a net payment of $3,723.43. The $3,723.43 in net payment to Lewis himself, combined with the $1,470.00 sent to cover his outstanding medical bills at Dynamic Therapy, equals $5,193.43. (Disbursement for November Accident, Doc. 18-14, p. 1). That number easily exceeds the $4,478.43 which Lewis allegedly incurred in medical expenses *and* lost wages.

---

[3] (Demand Letter, Doc. 18-10, p. 19; Original Complaint, Doc. 1-2, Ex. 1, ¶ 11; First Amended and Superseding Complaint, Doc. 1-2, Ex. 2, ¶ 16; Interrogatory Response Nos. 9-10, Doc. 19-7, pp. 4-5 (alleging an additional $573.43 in lost wages that Safeco also paid in the settlement amount)).

Lewis nonetheless argues that because there is no "breakdown of [the] actual settlement amounts in specific damage calculations," it is impossible to say that he was fully compensated. (Lewis Reply Brief, Doc. 26, p. 5). He asserts that he "was not fully compensated by the tortfeasor's insurers for his medical expenses" because AAA "should have indemnified and reimbursed Lewis for medical expenses free and clear from the applicable attorney fees and costs." (Memo. in Opp., Doc. 22, p. 4). Lewis thus asserts that he "recovered only a fraction of his medical expenses after reduction for applicable attorney fees and costs." (*Id.*). Elsewhere in his brief, he backs off this contention a bit, asserting that he would only "arguably" not recover twice should his suit succeed. (Memo. in Opp., Doc. 22, p. 8). Lewis supports this proposition simply by saying Lewis "negotiated down his final settlement offer and acceptance." (*Id.*).

In essence, Lewis's argument would require the Court to believe that plaintiff's starting position in bargaining with the tortfeasors' insurers was *ipso facto* the "true" amount of his medical expenses, and anything lower than that was "negotiated" and thus irrebuttably insufficient to show double recovery, actual documentation of medical expenses be damned. These contentions are, needless to say, flatly incorrect and wholly frivolous, as plaintiff's counsel's own disbursement records show. Moreover, after AAA raised standing as a potential impediment to Lewis's action (Doc. 19, pp. 20-21, 23-27), Lewis in his subsequent memoranda (Docs. 22, 26) points to absolutely nothing in the record to support his demonstrably meritless contention that his medical expenses remain unpaid. Whether the settlement agreements with Allstate and Safeco give a "breakdown" of specific damage claims being settled is simply irrelevant since the amounts more than cover all of Lewis's *documented*, rather than imaginary, medical expenses (not to mention his alleged lost wages, which AAA's "excess medical payment" policy does not cover).

9

The AAA policy makes adamantly clear that Lewis's excess medical payment coverage does not permit double recovery. (AAA Policy, Doc. 18-3, p. 22 ("No person shall collect twice for the same medical service.")). Louisiana law equally forbids recovery in excess of actual loss. *Wegener v. Lafayette Ins. Co.*, 60 So.3d 1220, 1235 (La. 2011); *Albert v. Farm Bureau Ins. Co.*, 940 So.2d 620, 623-24 (La. 2006) ("The fact remains that plaintiffs have been compensated for his medical expenses and cannot be compensated twice for the same element of damages.").

Because neither Louisiana law nor Lewis's insurance policy requires AAA to pay Lewis benefits for which he has already received a recovery in the form of settlement checks from the two tortfeasors' insurers, he has no right to recovery under state law. Since Louisiana law does not countenance double recovery, the Court must find that Lewis's settlement checks satisfied whatever claim he might have had under his AAA policy.[4] His policy satisfied, Lewis cannot complain of any injury in fact caused by AAA which would be redressable in this Court.

Lewis's claims for injunctive relief fare no better. To gain standing in a claim for equitable relief, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). It is entirely speculative that Lewis will again have occasion to invoke his excess medical payments coverage with AAA. Even assuming that AAA in some way harmed him, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citation and quotations omitted). Lewis has failed to show that AAA's actions surrounding his September and November claims continue

---

[4] As if his lack of citation to parts of the factual record were not enough, Lewis fails to cite even a single case—state or federal—to support his standing arguments. (*See* Docs. 22, 26).

to adversely impact him in light of the settlements with the tortfeasors' insurers that adequately compensated him for his damages.

Lacking a tether to an actual case or controversy, Lewis's claim for declaratory judgment also fails. It is clear that, absent his other claims, Lewis's claim seeking a declaration that his policy is "mutually repugnant" with his health insurance plan is not of sufficient concreteness and immediacy to warrant a decision from this Court. Such a hypothetical decision would stand at odds with the Article III admonition that federal courts do not issue advisory opinions. Without a pending or impending injury in fact arising from that portion of the policy, Lewis's claim seeking declaratory relief lacks the key ingredients required of a "case or controversy".

B.

Lewis's fourth and final claim is for statutory damages based on AAA's alleged failure to tender payment under Lewis's insurance policy within the 30- and 60-day timelines established by Louisiana law. Lewis claims his initial demand for payment on August 25, 2010 was acknowledged by AAA as valid as to his claims for reimbursement of his co-pays on September 16 and 17, 2010, but were not paid out until December 15 and 20, 2010, respectively. This claim at least facially differs from the other claims for which Lewis lacks standing because it does not center on Lewis's actual recovery but rather focuses on his insurer's actions.

Under La. R.S. 22:1892[5], insurers have a mandatory timeline of 30 days within which to pay sums indisputably owed to an insured. La. R.S. 22:1892(A)(1). Failure to tender payment

---

[5] Section 22:1892 was formerly codified as La. R.S. 22:658.
    Section 22:1892(A)(1) mandates that "[a]ll insurers … shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest."
    Section 22:1892(B)(1) makes insurers who fail to pay claims within thirty days of submission of satisfactory proof of loss, when found to be "arbitrary, capricious, or without probable cause," liable for statutory penalties of up to one thousand dollars or fifty percent of the damages of the amount found unlawfully withheld from payment in each instance, whichever is greater.

11

within the allotted timeframe after satisfactory proof of loss has been submitted makes the insurer liable for statutory penalties under that section. La. R.S. 22:1892(B)(1). Plaintiffs bear the burden of proving that insurers received and ignored a satisfactory proof of loss. *See, e.g., Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 206 (La. 2008). An insurer is not arbitrary and capricious when it withholds payment on a genuine, good faith dispute about the amount of loss, the applicability of coverage, and/or the lack of documentation by the insured. *See, e.g., Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297-98 (5th Cir. 2009) (citing *Calogero v. Safeway Ins. Co. of La.*, 753 So.2d 170, 173 (La. 2000)) (interpreting related statute imposing duty of good faith and fair dealing on insurers).

Lewis argues that AAA's payment to him for the co-pays he incurred did not occur within 30 days of his submission of satisfactory proof of loss, making AAA liable for statutory penalties. He also contends that its refusal to pay out his entire claim for all of his medical expenses was arbitrary, capricious, and without probable cause because it was based on the parts of its policy Lewis argues are void under Louisiana law.

Neither of Lewis's contentions have any merit. Contrary to his assertions, AAA never denied his claim. The correspondence between Lewis's attorney and AAA's claims representative shows nothing from which to infer the claim had been denied. AAA's representative maintained throughout that Lewis failed to provide the proper documentation showing that he did not recover from another insurance source. Indeed, Lewis's counsel delayed notifying AAA of his settlement recoveries (which were received in early or mid-September, *before* the 30-day period from his initial claims of August 25 could have conceivably ended) until well after he received them. The statutory prerequisite to liability of "willful refusal of a claim … not based on a good-faith defense" is simply lacking here. *Sher*, 988 So.2d at 207

12

(citation omitted). AAA never denied Lewis's claim, and it never unreasonably withheld payment because Lewis did not furnish all the materials AAA needed to comprehensively evaluate his claim. Indeed, he received payment from AAA for co-pays which were covered by the settlement proceeds he received from the tortfeasors' insurers. Based on the documentary evidence presented to this Court, summary judgment in favor of AAA is warranted on this claim.

Lewis lacks standing to pursue his declaratory, equitable and monetary claims, and his claim for statutory damages is without merit. The present suit is therefore an improper vehicle through which to litigate any claims of the putative class. Because class certification was not presented to the Court, Lewis's complaint must be dismissed in its entirety.

V.

Accordingly, AAA Insurance's motion for summary judgment (Doc. 19) is hereby GRANTED in full.

Signed in Baton Rouge, Louisiana, on January 24, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**